UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MICHAEL GATTISON,

                             Plaintiff,

           -against-

CITY OF NEW YORK; Detective NIURCA QUINONES, Shield No. 3310; and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

15 CV 5150 (FB)(CLP)

<u>Jury Trial Demanded</u>

ECF Case

------------------------------------------------------------------ x

        Defendant City of New York[1], by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports lay venue as stated therein.

---

[1] Upon information and belief, the individual identified in the caption as "Niurca Quinones" has not been served with process and/or has not requested legal representation from the Office of the Corporation Counsel and, therefore, is not yet a party to this action.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

6. Paragraph "6" of the Complaint contains no averments of fact and, therefore, requires no response.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York is a municipality organized under the laws of the State of New York and that it maintains a police department.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Niurca Quinones is employed by the City of New York as a police detective within the New York City Police Department ("NYPD").

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiff purports to sue the John and Jane Does as set forth therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiff purports to sue the John and Jane Does as set forth therein.

12. Paragraph "12" of the Complaint contains conclusions of law rather than averments of fact and, therefore, requires no response.

13. Admits the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Admits the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except admits that plaintiff was identified by L.G.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint, except admit that plaintiff was arrested.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint and respectfully refer the Court to Judge Cyrulnik's decision for a full and accurate recitation of its contents.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint and respectfully refer the Court to Judge Cyrulnik's decision for a full and accurate recitation of its contents.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint and respectfully refer the Court to Judge Cyrulnik's decision for a full and accurate recitation of its contents.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint and respectfully refer the Court to the criminal court's decision for a full and accurate recitation of its contents.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint, except admits that a document purporting to be a notice of claim was received by the City on or about November 6, 2014.

54. Denies the allegations set forth in paragraph "54" of the Complaint, except admits that no payment or adjustment has been made by the City.

55. Denies the allegations set forth in paragraph "55" of the Complaint, except admit that a complaint was filed with the Court on or about September 3, 2015.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. In response to the allegations set forth in paragraph "61" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. In response to the allegations set forth in paragraph "65" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. In response to the allegations set forth in paragraph "71" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. In response to the allegations set forth in paragraph "78" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

82. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

83. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

84. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the intervening culpable and/or negligent conduct of others and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

86. There was probable cause for plaintiff's arrest, detention and/or prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

87. There was reasonable suspicion for any stop or search of the plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

88. Plaintiff provoked the incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

89. Plaintiff failed to mitigate damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

90. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

91. Plaintiff cannot obtain punitive damages as against the City of New York.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           November 30, 2015

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendant City of New York*
                                        City of New York
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2371

                                  By:        /S
                                        Karl J. Ashanti, Esq.

To:
    Gabriel Harvis, Esq. (By ECF and Mail)
    Harvis & Fett, LLP
    *Attorneys for Plaintiff*
    305 Broadway, 14th Floor
    New York, New York  10007
     (212) 323-6880